UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD ROSE,<br><br>                   Plaintiff,<br><br>v.<br><br>EDMUND GERALD BROWN, Governor; STATE OF CALIFORNIA; COUNTY OF SAN DIEGO; ALEX LANDON, an individual,<br><br>                   Defendants. | Case No.: 18-cv-01461-BTM-MDD<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION TO APPOINT COUNSEL, AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**[ECF Nos. 1, 2, 8]** |

On June 25, 2018, Plaintiff James Edward Rose, proceeding *pro se*, filed a Complaint and a Motion to Proceed In Forma Pauperis (IFP). (ECF Nos. 1, 2). On July 4, 2018, Plaintiff moved for appointment of counsel. (ECF No. 8). For reasons discussed below, the IFP Motion is granted, the Motion to Appoint Counsel is denied, and the Complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted.

//

//

# DISCUSSION

## I. Plaintiff's Motion to Proceed IFP Is Granted.

Upon review of Plaintiff's supporting affidavit, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fees required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED.**

## II. The Complaint Is Dismissed With Leave To Amend.

The Complaint asserts civil rights violations under 42 U.S.C. §§ 1983, 1985, and 1987 and names as defendants Governor Brown, the State of California, the County of San Diego, and Attorney Alex Landon. (ECF No. 1 "Compl."). Plaintiff alleges that forty years ago, he was extradited from Georgia to California pursuant to a detainer and warrant naming a man other than Plaintiff. (Compl. at 1-3). The Complaint states that because the warrant and indictment named a "fictitious character who did not exist," and whose name did not match Plaintiff's, Plaintiff was wrongfully kidnapped, convicted of first degree murder, and sentenced to eight years in prison. *Id.* The Complaint alleges legal malpractice against Plaintiff's defense attorney, (Compl. at 7) and raises tort claims against prison officials for beating him and causing other injuries while he was incarcerated. (Compl. at 5-7). Plaintiff claims he did not file suit until now because he "was always told" the County of San Diego would have him murdered if he attempted to do so. (Compl. at 7). Plaintiff contends his injury is ongoing because he was denied parental rights to his daughter as a result of the unlawful conviction. (Compl. at 8-9). He argues that his daughter has a separate cause of action as well. (Compl. at 12).

### A. Standard of Review

The court must dismiss an IFP litigant's complaint if it determines the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Under Federal Rule of Civil Procedure 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory statements, devoid of factual support, are insufficient. *Id.*

B. Statute of Limitations

"A claim may be dismissed [for failure to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.' " *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)). In other words, it must " 'appear[] beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.' " *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir.1995)); *see also Levald, Inc. v. City of Palm Desert*, 998 F.2d 680 (9th Cir. 1993) (holding district court did not err by sua sponte raising statute of limitations where defendant had not waived the defense); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275-77 (9th Cir. 1993) (holding district court erred in sua sponte dismissing plaintiff's action as time-barred only because complaint adequately alleged facts supporting equitable tolling). However, a complaint that adequately alleges facts supporting equitable tolling may not be dismissed as time-barred. *Cervantes*, 5 F.3d at 1277.

Here, the running of the statute of limitations is "apparent on the face of the [C]omplaint." *Von Saher*, 592 F.3d at 969. A section 1983 claim " 'accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.' " *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)). For section 1983 actions, courts

generally apply the forum state's statute of limitations and equitable tolling law. *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Under California's current statute of limitations, a section 1983 claim must be brought within two years. *See* Cal Civ. Proc. Code § 335.1. Prior to 2003, it had to be brought within one year. *See Jones*, 393 F.3d at 927. If the cause of action arises while the claimant is serving a non-life prison sentence, the statute of limitations may be equitably tolled for up to two years. *See* Cal Civ. Proc. Code § 352.1.

Plaintiff's claim accrued when he was allegedly extradited under the wrong name from Georgia to California four decades ago. (Compl. at 2-3). He knew of the injury at that time, even if he did not yet know he could sue for compensation. (Compl. at 8). Plaintiff thus had at most four years to file, but took four decades. *Id.* Plaintiff's assertion that there is no statute of limitations for seeking a civil remedy for kidnapping, false imprisonment, or wrongful conviction is incorrect. (Compl. at 8). As currently pleaded, Plaintiff can prove no set of facts to establish the timeliness of the Complaint. *See Von Saher*, 592 F.3d at 969.

C. Equitable Tolling

Plaintiff has also failed to plead facts that would support equitable tolling under California law. *See Cervantes*, 5 F.3d at 1277. Equitable tolling is a judicially created doctrine "designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied." *McDonald v. Antelope Valley Cmty. College Dist.*, 45 Cal. 4th 88, 99 (2008) (internal quotation omitted). Plaintiff must meet the following conditions to equitably toll the statute of limitations:

> (1) the plaintiff must have diligently pursued his or her claim; (2) the fact that the plaintiff is left without a judicial forum for resolution of the claim must be attributable to forces outside the control of the plaintiff;

> and (3) the defendant must not be prejudiced by application of the doctrine . . . .

*Hull v. Central Pathology Serv. Medical Clinic*, 28 Cal. App. 4th 1328 (1994) (citing *Wood v. Elling Corp.*, 20 Cal. 3d. 353 (1977)).

Plaintiff argues tolling is warranted because he "never knew that he could file a lawsuit for being locked up as the wrong person" or for "unlawful imprisonment." (Compl. at 10). He thought he could only appeal his conviction, not sue for compensation. (Compl. at 8). He also asserts he feared for his life and was told "if he took an appeal for his wrongful conviction that he would end up being murdered, by officials from the State of California for convicting the plaintiff under the wrong name." (Compl. at 8). Plaintiff has not provided the names of these state officials because they "pleaded with the [P]laintiff not to reveal their names." (Compl. at 8).

Taking all of these assertions as true, equitable tolling is nevertheless unwarranted. Plaintiff does not allege facts showing that he diligently pursued his claim. Plaintiff chose not to appeal or file civil suit even after he served his sentence, at which point nothing outside of Plaintiff's control prohibited him from seeking redress in a judicial forum. (Compl. at 8). The facts alleged, that nameless officials told Plaintiff he would be murdered if he appealed his conviction yet begged Plaintiff not to reveal their names, are too bare and incredible to satisfy the plausibility standard. Moreover, Plaintiff's excuse for his untimely filing, that he did not know he could seek *financial* compensation for conviction under mistaken identity, is not a ground for granting equitable tolling. Finally, Defendants are prejudiced by Plaintiff's decades long delay; key witnesses and evidence are undoubtedly unavailable at this juncture.

D. <u>Defense Counsel</u>

For Plaintiff to state a claim under 42 U.S.C. § 1983 against his public defender, Alex Landon, Plaintiff must allege that his appointed counsel acted "under color of state law" to deprive him of a right secured by the Constitution or

laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Attorneys who represent criminal defendants generally do not act under color of state law because representing a client "is essentially a private function . . . for which state office and authority are not needed." *Dodson*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). When attorneys perform as advocates, *i.e.*, meet with clients, investigate possible defenses, present evidence at trial, or make arguments to a judge or jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Dodson*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as she performs a traditional role of an attorney for a client, "h[er] function," no matter how ineffective, is "to represent h[er] client, not the interests of the state or county.").

The Complaint does not set forth facts that could plausibly establish that Plaintiff's public defender, Alex Landon, acted under the color of state law. Absent such factual allegations, the Complaint must be dismissed.

E. State Actors

Plaintiff includes the State of California and Governor Brown as Defendants, and accuses Governor Brown of ignoring Plaintiff's repeated requests for a pardon. (Compl. at 6, 8). It is unclear whether Plaintiff is suing Governor Brown in an individual or official capacity. However, to the extent Plaintiff sues Governor Brown in his individual capacity, Plaintiff has not stated a cause of action because there is no constitutional right to a pardon, clemency, or commutation of a sentence. *See Connecticut Bd. Of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) ("[P]ardon

and commutation decisions . . . are rarely, if ever, appropriate subjects for judicial review . . . . "[A]n inmate has no constitutional or inherent right to commutation of his sentence.") (internal quotations omitted); *Woratzeck v. Stewart*, 118 F.3d 648, 653 (9th Cir. 1997) ("[T]here is no constitutional right to clemency. . ."). Because Plaintiff has not stated a cognizable cause of action against Governor Brown, the Court dismisses Governor Brown as a Defendant.

The Court must also dismiss the State of California as a Defendant. The Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.") (internal citations omitted). The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Brown v. California Dep't of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent. […] We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Hogue v. California*, No. 1:17-CV-00942 DAD EPG PC, 2018 WL 1605736, at *2 (E.D. Cal. Apr. 3, 2018) (sua sponte dismissing prisoner's § 1983 claims against the State of California based on sovereign immunity pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A). Accordingly, the Court sua sponte dismisses the State of California as a party to this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) as barred by the Eleventh Amendment. *Lopez*, 203 F.3d at 1126-27.

//

F. Monetary Relief

Because Plaintiff seeks monetary damages, his claims amount to an attack on the validity of his underlying criminal conviction, and as such, are not addressable under 42 U.S.C. § 1983 unless he also alleges his conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Guerrero v. Gates*, 442 F.3d 697, 704 (9th Cir. 2006) (holding *Heck* applies equally to plaintiffs no longer in custody). According to the Complaint, Plaintiff's prior convictions have never been invalidated, and Plaintiff has never challenged them. (*See* Compl. at 8).

In *Heck v. Humphrey*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis in original).

Here, Plaintiff's central allegation that he was wrongfully extradited and convicted "necessarily implies the invalidity" of his criminal conviction. *Heck*, 512 U.S. at 487. In other words, if Plaintiff were to succeed in showing that Defendants kidnapped, convicted, and sentenced the wrong man, in addition to denying him effective assistance of counsel, an award of damages would imply his innocence and invalidate his conviction. *Heck*, 512 U.S. at 487; *Guerrero*, 442 F.3d 697, 701 (9th Cir. 2006) (reasoning "[w]rongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against [plaintiff] could not have occurred unless he was innocent of the crimes

8

for which he was convicted"). By contrast, Plaintiff's allegations with respect to injuries sustained in prison (Compl. at 5, 7) do not bear on his innocence and therefore are not barred by *Heck*. *See Guerrero*, 442 F.3d at 703 (holding *Heck* did not bar plaintiff's excessive force claim because use of force did not necessarily imply invalidity of conviction). Because the gravamen of the Complaint concerns the wrongful conviction, the Complaint cannot proceed without amendment in this regard.

G. <u>Leave To Amend</u>

For the foregoing reasons, the Court **DISMISSES** the Complaint, but because Plaintiff is proceeding without counsel, the Court gives Plaintiff leave to amend the Complaint to cure these deficiencies. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

**III.  Plaintiff's Motion To Appoint Counsel Is Denied Without Prejudice.**

"There is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). However, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(d); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires the court to consider (1) "the likelihood of success on the merits" and (2) "the ability of the [Plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* at 1331.

Plaintiff has not shown a likelihood of success given the statute of limitations issues discussed above, nor has Plaintiff shown that he is unable to articulate his

1 claims due to the complexity of the issues. Accordingly, Plaintiff's Motion to
2 Appoint Counsel is **DENIED** without prejudice.

### IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion to proceed IFP is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** for failure to state a claim. The Court **GRANTS** Plaintiff leave to file a First Amended Complaint which cures the deficiencies noted above, and **DENIES** Plaintiff's Motion for Appointment of Counsel without prejudice.

If Plaintiff chooses to file a First Amended Complaint, he must do so on or before **January 4, 2019**. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

//
//
//
//
//
//
//
//

If Plaintiff fails to file an Amended Complaint, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

IT IS SO ORDERED.

Dated: December 10, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court