# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD ROSE,<br><br>                         Plaintiff,<br><br>v.<br><br>EDMUND GERALD BROWN, Governor; STATE OF CALIFORNIA; COUNTY OF SAN DIEGO; ALEX LANDON, an individual,<br><br>                       Defendants. | Case No.: 18-cv-01461-BTM-MDD<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**[ECF Nos. 10, 12]** |

Pending before the Court are Plaintiff James Edward Rose's First Amended Complaint, Motion to Open Judgment in 1974 Homicide Conviction, and Motion to Purge Plaintiff's Criminal Records and Conviction. (ECF Nos. 10, 12). The Court interprets the Motions as a Second Amended Complaint. (ECF No. 12). For the reasons set forth below, both of Plaintiff's amended pleadings are dismissed with prejudice. (ECF Nos. 10, 12).

## I.    BACKGROUND

Plaintiff initiated this action on June 25, 2018. (ECF No. 1). The Complaint

asserted civil rights violations under 42 U.S.C. §§ 1983, 1985, and 1987 and names as defendants Governor Brown, the State of California, the County of San Diego, and Attorney Alex Landon. (ECF No. 1 "Compl."). Plaintiff alleged that forty years ago, he was extradited from Georgia to California pursuant to a detainer and warrant naming a man other than Plaintiff. (Compl. at 1-3). Because the warrant and indictment allegedly named a "fictitious character who did not exist," and whose name did not match Plaintiff's, Plaintiff asserted he was wrongfully kidnapped, convicted of first degree murder, and sentenced to eight years in prison. *Id.* The Complaint also alleged legal malpractice against Plaintiff's defense attorney, (Compl. at 7) and raised tort claims against prison officials for beating him and causing other injuries while he was incarcerated. (Compl. at 5-7).

On December 10, 2018, the Court dismissed Plaintiff's Complaint for failure to state a claim. (ECF No. 9). The Court gave Plaintiff until January 4, 2019 to file a First Amended Complaint, and specified that failure to timely file would result in the dismissal of the action. (ECF No. 9 at 10). Plaintiff filed the First Amended Complaint ("FAC") on February 4, 2019 and stated he was too ill to make the January 4, 2019 deadline. (ECF No. 10). The FAC names the previously dismissed Defendants and largely repeats the earlier pleading. (ECF No. 10). On May 20, 2019, Plaintiff moved this Court to open the judgment in his 1974 homicide conviction and purge his criminal record and convictions. (ECF No. 12). The Motion is formatted like a complaint, re-alleges the facts in the original Complaint and FAC, and aside from cursorily referencing the Fourteenth Amendment at the conclusion of the pleading, does not set forth the statutory or other constitutional basis basis for relief. (ECF No. 12). The Court interprets the pleading as a Second Amended Complaint ("SAC") re-alleging Plaintiff's section 1983 claims.

## II. LEGAL STANDARD

The court must dismiss an IFP litigant's complaint if it determines the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or

2

18-cv-01461-BTM-MDD

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Under Federal Rule of Civil Procedure 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory statements, devoid of factual support, are insufficient. *Id.*

### III. DISCUSSION

Plaintiff submitted the FAC a month after the Court-ordered deadline. (ECF No. 9). The Court may thus dismiss this action because of Plaintiff's failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

Even if the Court were to accept Plaintiff's untimely filed FAC and SAC, the Court must nevertheless dismiss the pleadings because Plaintiff's amendments have not cured the deficiencies identified in the Court's December 2018 Order. First, Plaintiff still does not allege facts curing the statute of limitations or equitable tolling issues. The fact remains that Plaintiff filed this section 1983 Complaint forty years after his claim first accrued, well beyond the statutory deadline. *See* Cal Civ. Proc. Code § 335.1 (providing a section 1983 claim must be brought within two years); Cal Civ. Proc. Code § 352.1 (providing that if the cause of action arises while claimant is serving a non-life prison sentence, statute of limitations may be equitably tolled for up to two years). As currently pled, Plaintiff can prove no set of facts to establish the timeliness of the Complaint. *Von Saher v. Norton Simon*

*Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed [for failure to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.' ")

Plaintiff further fails to allege facts supporting equitable tolling, including that he diligently pursued his claim, that forces outside of his control have left him without judicial forum for the resultion of his claim, and that defendants would not be prejudiced by the decades long delay. *See Hull v. Central Pathology Serv. Medical Clinic*, 28 Cal. App. 4th 1328 (1994) (enumerating conditions necessary to equitably toll statute of limitations). Although Plaintiff alleges that he immediately appealed his alleged unlawful extradition when he arrived to California, the pleadings state that the presiding federal judge declined to award Plaintiff any relief for the "kidnapping" and Plaintiff did not appeal. (SAC ¶14; FAC at 2). Plaintiff's reasons for not appealing are devoid of factual basis and are not plausible. (FAC at 2 (alleging Plaintiff had a personal letter from United States Supreme Court Justice Douglas stating that he "would hear the case if the plaintiff appealed to the United States Supreme Court," but another attorney withdrew the appeal)). Furthermore, Plaintiff's generalized fear of the prison system after his release, though lamentable, cannot excuse the forty year delay. (SAC ¶¶ 21, 31). The amended pleadings do not set forth grounds for equitable tolling.

Plaintiff's pleadings primarily allege ineffective assistance provided by his public defender. But Plaintiff cannot assert a 42 U.S.C. § 1983 claim against his public defender without showing that the public defender acted under the color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (stating that attorneys representing criminal defendants generally do not act under color of state law because such representation is "essentially a private function . . . for which state office and authority are not needed"); *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (holding that public defender was not a state actor

subject to suit under § 1983 because, so long as she performs a traditional role of an attorney for a client, "h[er] function," no matter how ineffective, is "to represent h[er] client, not the interests of the state or county."). Because Plaintiff still has not set forth facts plausibly showing his attorney's representation constituted state action, these claims remain insufficiently pled.

The pleadings again name the State of California as a Defendant. (FAC at 2; SAC ¶ 25). However, the Court previously dismissed the State of California as a party to the action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) as barred by the Eleventh Amendment. (ECF No. 9 at 6-7). Plaintiff has not shown that the State of California has affirmatively waived its sovereign immunity. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.") (internal citations omitted). Accordingly, Plaintiff cannot state a claim against the State of California.

Finally, Plaintiff cannot state a claim for monetary damages under 42 U.S.C. § 1983 because a favorable ruling would necessarily imply the invalidity of Plaintiff's conviction, which remains in effect according to the pleadings. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (providing that section 1983 claims that "necessarily imply the invalidity of [plaintiff's] conviction or sentence" must be dismissed "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *Guerrero v. Gates*, 442 F.3d 697, 704 (9th Cir. 2006) (holding *Heck* applies equally to plaintiffs no longer in custody); SAC ¶ 14 (stating a sympathetic federal judge told Plaintiff "there was nothing he could do"). The Court thus concludes that the pleadings fail to state a claim upon which relief can be granted, and dismisses this civil action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

//
//
//

**IV. CONCLUSION**

The Court hereby dismisses the FAC and SAC with prejudice. (ECF Nos. 10, 12). The Clerk of Court is directed to enter final judgment and close the case.

IT IS SO ORDERED.

Dated: May 30, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge